UNITED STATES v. MERCK & CO.

(Circuit Court, S. D. New York. January 23, 1899.)

No. 2,322.

1. CUSTOMS DUTIES—CONSTRUCTION OF TARIFF ACTS.

Where, by amendment in the senate, an article, which was placed on the free list in the bill passed by the house, was also placed in the dutiable list, and remained in both places as the act was finally passed, *held*, that the case was one of patent ambiguity arising on the face of the act, which ambiguity must be resolved in favor of the importer, and the goods admitted free.

2. EPSOM SALTS.

Sulphate of magnesia, or Epsom salts, which, by the act of 1894, were placed both upon the dutiable and the free list (paragraphs 24 and 542), are to be admitted free, as the ambiguity must be resolved in favor of the importer.

This was an application by the United States for a review of a decision of the board of general appraisers in respect to the classification for duty of certain merchandise imported at the port of New York by Merck & Co.

James T. Van Rensselaer, Asst. U. S. Atty.
Albert Comstock, for appellees.

WHEELER, District Judge. "Magnesia, sulphate of, or Epsom salts," is declared dutiable at one-fifth of one cent per pound by paragraph 24, and free by paragraph 542, of the act of 1894. This protest raises the question of its dutiability. The caption of the free list says that "on and after August 1, 1894, unless otherwise provided for in this act, the following articles, when imported, shall be exempt from duty." This article is said to be otherwise provided for in the dutiable list, and so to be taken out of the free list. But the caption to the dutiable list says that "on and after August 1, 1894, unless otherwise specially provided for in this act, there shall be levied, collected and paid upon all articles imported from foreign countries or withdrawn for consumption, and mentioned in the schedules herein contained, the rates of duty which are by the schedules and paragraphs respectively prescribed, namely." The act, as to some parts of the schedules, provided different times for going into effect; and this provision in the caption of the dutiable list evidently refers to time, and not to articles imported. But for that, this provision in the caption of the free list might be thought applicable to articles, instead of to time. They stand in the same relation to date of the act, however, and differ only as to the word "specially," in the former provision, and appear to refer to the same matter, and that is time. So, as the law stands, it appears to provide in one place that this article should be dutiable, and in another that it should be free. By the law before, it was dutiable at the same rate. The bill originated in the house, of course; and, when it went to the senate, this article was in the free, and not in the dutiable, list. The senate, in proposals of amendment, put it in the dutiable list, as it had been in the prior law, but did not propose to strike it from the free list; and the house concurred in the senate's proposal of amendments. This is said to show that the legislative intention was to have this article in the dutiable list. But the senate amendments left it also in the free list, and the house concurred in the amendments as they operated on the house bill, without proposing to strike this article from the free list. This indicates equally well an intention to leave it in the free list. Both houses passed the bill with it in the free list, and both concurred in an amendment putting it in the dutiable list also; so the bill passed both houses with it in both places, and the whole bill became a law with both paragraphs in it, August 28th, for want of return to the house by the president. There is a patent ambiguity arising on the face of the act as to this article. It is made as clearly free as dutiable, and the doubt is to be solved in favor of the importer. Twine Co. v. Worthington, 141 U. S. 468, 12 Sup. Ct. 55. Decision affirmed.